UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| | |
|---|---|
| ANTOINE CROCKETT, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:06-cv-274 |
| ) | |
| v. ) | Honorable Robert Holmes Bell |
| ) | |
| PATRICIA L. CARUSO et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff will pay the initial partial filing fee when funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

    I.        Factual Allegations

Plaintiff is presently incarcerated at the Boyer Road Correctional Facility, but complains of events that occurred while he was housed at the Carson City Correctional Facility (DRF). He brings this suit against Michigan Department of Corrections' (MDOC) Director Patricia L. Caruso, DRF Warden Kurt Jones, and DRF library technician Terri Halfman. Plaintiff alleges that after he left the law library on April 6, 2005, Defendant Halfman reviewed the memory or typewriter ribbon on the typewriter Plaintiff had been using. She determined that Plaintiff had been using the typewriter for personal letters and was, therefore, guilty of violating a prison rule. Defendant Halfman barred Plaintiff from the law library for ten days. Plaintiff claims that Defendant Halfman's screening of Plaintiff's typewriter ribbon violated his rights under the 1st, 4th, 5th, 6th, 8th, and 14th Amendments. He also claims that Defendant Halfman's barring him from the law library without notice or a hearing violated due process, equal protection, the Eighth Amendment's prohibition against cruel and unusual punishment, and MDOC policy. He asserts his claims against Defendants Caruso and Jones on the basis of *respondeat superior*.

For relief, Plaintiff requests compensatory and punitive damages, a declaratory judgment, and an injunctive order directing the MDOC to cease screening typewriter ribbons and barring prisoners from the law library without notice or a hearing.

II.     Exhaustion of administrative remedies

Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. A district court must enforce the exhaustion requirement *sua sponte*. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available.[1] *Brown*, 139 F.3d at 1104. In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the Court may determine what claims, if any, have been exhausted. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). In addition, a prisoner must specifically mention the involved parties in the grievance to alert the prison officials to the problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Thomas v. Woolum*, 337 F.3d 720, 735 (6th Cir. 2003); *Vandiver v. Martin*, No. 02-1338, 2002 WL 31166925, at *2 (6th Cir. Sept. 27, 2002) ("The issues [plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance."). "[F]or a court to find that a prisoner has administratively

---

[1] To assist prisoners in meeting this requirement, this Court advises prisoners to attach copies of documents evidencing exhaustion in its form complaint. The form complaint, which is required by local rule, is disseminated to all the prisons. *See* W.D. MICH. LCIVR 5.6(a). Plaintiff has chosen to use the Court's form complaint in this action.

exhausted a claim against a particular defendant, a prisoner must have alleged mistreatment or misconduct on the part of the defendant at Step I of the grievance process." *Burton v. Jones,* 321 F.3d 569, 575 (6th Cir. 2003).

According to Plaintiff, he filed a timely grievance (number OTF-05-08-00509-14e), which was denied at Step I, and upheld at Step II by Defendant Jones. At Step III, the respondent acknowledged that the one-week ban from the law library was not in accordance with policy directive 05.03.115.[2] Because he does not identify the persons named in his Step I grievance, the Court is unable to determine whether he has exhausted his claims as to each Defendant. Without specific allegations or evidence from Plaintiff that he identified any of the Defendants in a Step I grievance or that he exhausted his administrative remedies with respect to each of the Defendants, Plaintiff is unable to establish with particularity that he exhausted his available administrative remedies against these Defendants.

Generally, a civil rights action presenting unexhausted claims, or containing both exhausted and unexhausted claims, must be dismissed without prejudice for lack of total exhaustion. *Jones Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005). However, courts need not first require exhaustion of available administrative remedies when the claim may be dismissed because it is, "on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(2); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). Because Plaintiff's complaint fails to state a claim

---

[2]Paragraph R of policy directive 05.03.115 provides that prisoners shall be permitted at least six hours a week of law library use. Under paragraph E, a prisoner who uses the library for purposes other than legal work may be required to leave the library. MICH. DEP'T CORR., Policy Directive, 05.03.115, ¶¶ R and E (effective 12/19/03). A prisoner who is found guilty of a major misconduct that occurred in the law library may be barred from further access to the library, or temporarily barred pending the hearing on the misconduct, in which case items from the library shall be brought to the prisoner in the same manner as for segregated prisoners. *Id.*, ¶ JJ.

upon which relief can be granted, the Court will dismiss his action without first requiring Plaintiff to exhaust any available administrtive remedies or establish that he has exhausted his claims against each of the Defendants.

### III.    Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

#### A.    Defendants Caruso and Jones

Plaintiff states that he is bringing his complaint against Defendants Caruso and Jones on the theory of *respondeat superior.*  Liability under § 1983 must be based upon active unconstitutional behavior. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir.1998)).  Thus, a plaintiff bringing an action pursuant to § 1983 cannot premise liability upon a theory of *respondeat superior* or vicarious liability. *Street*, 102 F.3d at 818 (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)).  The acts of one's subordinates are not enough to impose liability, nor can supervisory liability be based upon the mere failure to act. *Summer v. Leis*, 368

F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee,* 199 F.3d at 300 (defendants could not be held liable for plaintiff's termination from his commissary job when their only roles in the action involved the denial of administrative grievances or the failure to act). Plaintiff has failed to allege facts demonstrating that Defendants Caruso and Jones engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

### B.      Defendant Halfman

Plaintiff claims that Defendant Halfman's act of barring him from the law library for a week without first issuing a misconduct ticket, and providing notice and a hearing, violated his due process rights and MDOC policy. However, claims under § 1983 may not be based upon alleged violations of state law, nor may federal courts order state officials to comply with their own law. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984). Plaintiff does not enjoy any federally protected liberty or property interest in state procedure. *See Olim v. Wakinekona*, 461 U.S. 238, 250 (1983); *Sweeton v. Brown*, 27 F.3d 1162, 1164 (6th Cir. 1994). Therefore, Defendants' alleged failure to comply with MDOC administrative rules does not itself rise to the level of a constitutional violation. *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *Spruytte v. Walters*, 753 F.2d 498, 508-09 (6th Cir. 1985); *Siddiq v. Edlund*, 8 F. App'x 522, 524 (6th Cir. 2001) ("The mandatory language of a prison policy no longer suffices to create a protected liberty interest.") (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Accordingly, Plaintiff fails to state a Fourteenth Amendment due process claim.

Prisoners do have a fundamental right of access to the courts under the First Amendment. *Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). However, the right of access to the courts is not unrestricted and does not mean that an inmate must be afforded unlimited litigation resources. *Lewis*, 518 U.S. at 352-55. An inmate claiming that he was denied his right of access to the courts must show that he suffered an actual litigation-related injury or legal prejudice to a non-frivolous claim because of the defendant's actions. *Id.* at 349-51; *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). An actual injury does not occur without a showing that such a claim has been lost or rejected, or that the presentation of such a claim is currently being prevented. *Id.* at 354-56; *Pilgrim*, 92 F.3d at 416. Plaintiff has not alleged that his exclusion from the law library for seven days caused any injury or prejudice to a pending or contemplated court action. Absent an actual injury, Plaintiff has failed to state a First Amendment access to the courts claim.

Plaintiff further claims that his temporary exclusion from the law library constituted cruel and unusual punishment in violation of the Eighth Amendment. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged "must result in the denial of 'the minimal civilized measure of life's necessities.'" *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-601 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care,

or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348. "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. Thus, federal courts may not intervene to remedy conditions that are merely unpleasant or undesirable. Plaintiff complains that he temporarily lost the privilege of using the law library. The Sixth Circuit has held that without a showing that basic human needs were not met, the denial of privileges cannot establish an Eighth Amendment violation. *See Bradley v. Evans*, No. 98-5861, 2000 WL 1277229, at *8 (6th Cir. Aug. 23, 2000), *cert. denied*, 531 U.S. 1023 (2000); *Collmar v. Wilkinson*, No. 97-4374, 1999 WL 623708, at *3 (6th Cir. Aug.11, 1999). Accordingly, Plaintiff's allegations fail to state an Eighth Amendment claim.

Plaintiff's Sixth Amendment claim also lacks merit. The "Sixth Amendment guarantees the accused, at least after the initiation of formal charges, the right to rely on counsel as a 'medium' between him and the State." *Michigan v. Jackson*, 475 U.S. 625, 632 (1986). However, the guarantees of the Sixth Amendment are applicable only to "criminal prosecutions." *Kirby v. Illinois*, 406 U.S. 682, 690 (1972). Prison disciplinary proceedings are not "criminal prosecutions" as that term is used in the Sixth Amendment, and the "full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

No conceivable application of the Fifth Amendment has been identified by Plaintiff. The Fifth Amendment's Due Process Clause applies only to actions by the federal government, while the identical clause in the Fourteenth Amendment protects against misconduct by state actors. *Ingraham v. Wright*, 430 U.S. 651, 664-71 (1977). Although the Fifth Amendment's "just compensation clause" applies to the states through the Fourteenth Amendment, *Tahoe-Sierra*

*Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 535 U.S. 302, 307 (2002), Plaintiff's allegations do not support such a claim.

Plaintiff claims that Defendant Halfman's warrantless inspection of the typewriter Plaintiff had been using constituted an illegal search under the Fourth Amendment. The Fourth Amendment protects against unreasonable searches and seizures. The touchstone of Fourth Amendment analysis is the question of whether a person has a "constitutionally protected reasonable expectation of privacy." *Oliver v. United States*, 466 U.S. 170, 177 (1984). However, "[a] right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order." *Hudson v. Palmer*, 468 U.S. 517, 527-28 (1984). Moreover, the courts must accord prison administrators wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security. *See Turner v. Safley*, 482 U.S. 78, 84-91 (1987); *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). Prisoners simply have no expectation of privacy in their cells, *see Hudson* 468 U.S. at 525-28, nor do they have the right to be present when their cells are searched. *See Bell,* 441 U.S. at 557. A search may include looking through personal property including legal materials. *See Mitchell v. Dupnik,* 75 F.3d 517, 523 (9th Cir.1996) (finding search of legal papers without inmate present constitutional even when it violates a prison regulation). Clearly, Plaintiff had no expectation of privacy in a typewriter belonging to the MDOC and located in the law library which is open and used by many prisoners on a daily basis. Even assuming Defendant Halfman's inspection of the typewriter ribbon constituted a search within the meaning of the Fourth Amendment, because

Plaintiff had no expectation of privacy with respect to the typewriter, the search did not violate the Constitution.

Defendant Halfman is a white woman while Plaintiff is a black man. Plaintiff claims that Defendant Halfman's "race-based decision" to temporarily deny him library privileges violated his right to equal protection. Plaintiff, however, has not alleged any factual basis for his speculative conclusion. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *Lillard v. Shelby County Bd. of Educ.*, 76 F .3d 716, 726 (6th Cir. 1996); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986); *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000).

Plaintiff's final claim is that Defendant Halfman's actions amounted to censorship in violation of the First Amendment. A prisoner's First Amendment rights are subject to prison policies and regulations that are reasonably related to legitimate interests. *Turner*, 482 U.S. at 89. Prison administrators have a legitimate interest in inmates following reasonable rules, and a rule that only legal work may be done in the law library is certainly reasonable considering the number of inmates who wish to use the law library for its intended purpose. Here, Plaintiff's writings were not censored. He was not prohibited from writing personal documents as a means of communicating, nor was he prohibited from expressing whatever thoughts were contained in his writings. He was merely required to prepare his personal correspondence outside of the law library in accordance with prison rules. Plaintiff's allegations state no First Amendment violation.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum.

This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Date:     May 5, 2006              /s/ Robert Holmes Bell
                                   ROBERT HOLMES BELL
                                   CHIEF UNITED STATES DISTRICT JUDGE